Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
11 Martine Avenue, 8th Floor
White Plains, New York 10606
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
DAVID J. TAYLOR,

               Plaintiff,

v.

CSC HOLDINGS, LLC, d/b/a ALTICE USA,
a/k/a OPTIMUM, formerly d/b/a
CABLEVISION SYSTEMS CORP.,

               Defendants.
------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

      Plaintiff David J. Taylor ("Mr. Taylor" or "Plaintiff"), by and through his attorneys,

Gaines, Novick, Ponzini, Cossu & Venditti, LLP as and for his Complaint in the action against

Defendants, CSC Holdings, LLC, d/b/a Altice USA, formerly d/b/a Cablevision Systems Corp.

(collectively "Defendants" or "Employers"), hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary

    damages, to redress Defendants' unlawful employment practices committed against Mr.

    Taylor, including their unlawful discrimination and harassment committed against Mr.

    Taylor in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*.

    ("Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section

    1981"); the New York State Human Rights Law, New York Executive Law §§ 290 *et seq*.

(the "NYSHRL"), the New York City Human Rights Law, and New York Administrative Code §§ 8-101 *et seq.* (the "NYCHRL").

2. Over the course of Mr. Taylor's twelve (12) years of employment with Defendants, Defendants have repeatedly subjected Mr. Taylor to unlawful discrimination and harassment because of his race and skin. Defendants have also denied Mr. Taylor equal work facilities, equal pay and promotional opportunities. Mr. Taylor has complained about this and other discriminatory and harassing conduct to his employers and has been unlawfully retaliated against by Defendant in the form of termination.

3. Defendants' conduct was knowing, malicious, willful, wanton and/or showed a reckless disregard for Mr. Taylor, which caused, and continues to cause, Mr. Taylor to suffer substantial economic and non-economic damages, the loss of his career, detriment to his health, including but not limited to insomnia, permanent harm to his professional and personal reputation, severe mental anguish, physical harm, and emotional distress.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Mr. Taylor's rights under Title VII and Section 1981. This Court has supplemental jurisdiction over Mr. Taylor's related claims arising under state and/or local law pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 42 U.S.C. § 2000e-(5)(f)(3) because the unlawful employment practices against Mr. Taylor were committed in this district, the employment records relevant to the unlawful employment practices are maintained and administered in this district, and Defendants' offices are located in this district.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and a substantial part of the events or omissions giving rise to this action occurred in this district.

## PARTIES

7. Mr. Taylor is 41 years old and resides in Bronx County, in the State of New York.

8. Mr. Taylor is a husband and a father of three (3).

9. At all relevant times, Mr. Taylor has met the definition of an "employee" under all applicable statutes.

10. At all relevant times, Defendants have met the definition of an "employer" under all applicable statutes.

## PROCEDURAL REQUIREMENTS

11. Mr. Taylor has complied with all statutory prerequisites to his Title VII claims, having filed a charge of discrimination with the Equal Opportunity Commission ("EEOC") New York District Office in November of 2016 (Charge No. 520-2017-00915).

12. Mr. Taylor's EEOC complaint was cross filed with the New York State Division of Human Rights pursuant to a work-share agreement between the two agencies.

13. That on or about February 24, 2017, Terry D. Johnson of Morgan Lewis submitted an answer on behalf of Defendants stating that Mr. Taylor "was a poor-performing manager who failed to consistently satisfy some of the most basic requirements of the Director-level position" and that he "repeatedly failed to exercise sound business judgment."

14. Defendants did not submit a single shred of evidence to support their statements that Mr. Taylor was "poor-performing" and failed to make "sound business" decisions, despite being the parties in possession and control of all documents; and, in fact, if such documents

existed it would only be to the benefit of Defendants to have produced it to the EEOC investigators. Defendants' refusal to produce documents that support their arguments to the EEOC investigator exposes Defendants' disingenuous argument that Mr. Taylor was a "poor-performing" manager.

15. In May of 2017, Mr. Taylor met with the Investigator from the EEOC and rebutted each answer.

16. During his rebuttal he explained that not only did he meet his targets he surpassed them and was the highest grossing Director of the Commercial Sales Division.

17. Mr. Taylor also explained the Commercial Telemarketing Department of the Commercial Sales Division was underperforming prior to his taking over.

18. Defendants submitted an undated document titled "David Taylor Human Resources/Supervisor/Employee Feedback and Observations" in it are a series of poorly-written-stream-of-conscious-comments apparently prepared by Erica Simon, Jennifer Condoulis (whom Mr. Taylor never work with with), and Dan Ferrera.

19. Erica Simon was a bigot and it was common knowledge among employees of Defendants that Mr. Ferrera was having an extramarital affair with Ms. Simon.

20. Defendants also submitted another undated document titled "David Taylor Human Resources/Peer/Supervisor/Employee Feedback and Observations" one easily refuted statement is "David treats everything like a joke so the employees don't take him seriously[.]"

21. Mr. Taylor rose from a humble door-to-door salesman to Director, by taking things seriously.

22. That upon his termination Mr. Taylor's employees cried, threw him a party, and purchased a pocket watch with "We love you David Taylor" inscribed. Furthermore, employees still reach out to Mr. Taylor despite the fact that they are under the impression that they will face disciplinary action for speaking with him pursuant to a memo circulated to the employees of Defendants regarding not contacting Mr. Taylor under any circumstances.

23. All that is a far cry from a Director whose employees did not respect him.

24. The conclusion drawn by Mr. Johnson was that "Mr. Taylor's performance issues resulted in him not being a viable candidate for a promotion when Cablevision [Defendants] reorganized and Mr. Taylor's Position was eliminated." In other words, Defendants terminated Mr. Taylor because of his poor performance, which is a pretext to cover up the true motive which is race discrimination.

25. On or about June 28, 2017, the EEOC issued a right to sue letter and that letter was received on or about July 6, 2017.

26. This lawsuit has been filed within ninety (90) days of receipt of Mr. Taylor's right to sue letter.

27. A copy of this Complaint will be served on both the New York City Commission on Human Rights and the Office of the Corporation Counsel of the City of New York within ten days of filing this Complaint, thereby satisfying the notice requirements of the New York City Administrative Code § 8-502.

28. Any and all other prerequisites to the filing of this lawsuit have been satisfied.

## FACTUAL ALLEGATIONS

### I. Background

29. Mr. Taylor is a Black American man.

30. Mr. Taylor is currently self-employed.

31. Mr. Taylor was hired by Defendants, at the age of 28, in 2004 as a Residential Account Executive in the Bronx (930 Soundview Avenue Bronx NY 10473).

32. Mr. Taylor performed his duties in an exceptional manner and with the highest degree of integrity.

33. In 2006, Mr. Taylor was promoted to a Commercial Account Executive in the Bronx.

34. In 2007, Mr. Taylor was promoted to a Supervisor in the Commercial Sales Department.

35. In 2008, Mr. Taylor was promoted to a Manger in the Commercial Sales Department.

36. In 2009, Mr. Taylor was awarded Manager of the year.

37. In the spring of 2010, Mr. Taylor was moved to work as a Manager in Connecticut (122 River Street, Bridgeport CT 06604).

38. In spring and summer of 2014, Mr. Taylor worked as a ManAger in Connecticut and Long Island (200 Jericho Turnpike, Jericho, NY).

39. In the summer of 2014, Mr. Taylor became a Director in Telemarketing in Long Island.

## II. Commercial Sales Division

40. Defendants divided sales into two main divisions: commercial and residential.

41. Commercial sales made up half a billion dollars in revenue each year.

42. Commercial Sales Division was broken into three departments: (1) Telemarketing Sales; (2) Direct Sales (3) Strategic/Alternate Channel Sales.

43. Telemarketing Sales Department made up half of the total annualize sales revenue made by the Commercial Sales Division or approximately thirty (30) million dollars.

44. Prior to Mr. Taylor taking over the Telemarketing Sales Department it was underperforming and did not have proper oversight.

45. When Mr. Taylor took over the Telemarketing Sales department as a Director he created various ways of reaching new client which generated significate revenue increases which is reflected by the fact that it made up half of all annual Commercial Sales.

46. That the Direct Sales Department head was titled Vice President and was occupied by a non-minority.

47. That the Strategic/Alternate Channel Sales Department head was titled Vice President and was occupied by a non-minority.

48. That the Telemarketing Sales Department head was titled Director, instead of Vice President, because he was Black.

### III. Blatant acts of discrimination

49. In the fall of 2015 Defendants hired Erica Simon as a Human Resource Associate.

50. Ms. Simon would not attend meetings called by Mr. Taylor, however Ms. Simon would attend meetings called by other Directors or Vice Presidents.

51. The meetings Ms. Simon attended were called by White Directors or Vice Presidents.

52. In the spring of 2015, Ms. Simon prepared a "Termination Request" to have Mr. Taylor fired without any cause.

53. This "Termination Request" was prepared without the knowledge of Mr. Taylor.

54. Mr. Taylor did not learn of the "Termination Request" until months after it was formally submitted.

55. Mr. Taylor learned of the "Termination Request" from a Vice President of Commercial Sales who was also his immediate supervisor.

56. That in the spring of 2015, after a discussion regarding an employee's time card issue, Ms. Simon and her direct supervisor Judy Courtney, who was a Director of Human Resources at the time, said to Mr. Taylor, "You are not the person for the job."

57. Immediately thereafter Mr. Taylor called his immediate supervisor and advised him that he was accused of not handling job situations that were never part of his job description and that he should not have been subjected to those accusations and critical remarks about his job performance.

58. That Mr. Potente called his direct supervisor who was also a Vice President at that time, Matt Grover, and Mr. Taylor explained to both Mr. Potente and Mr. Grover what had happened and Mr. Grover said that he would look into it.

59. Shortly thereafter, In May of 2015, Ms. Simon prepared a document titled "Performance Improvement Plan – Behavior and Communication" ("PIP") dated May 15, 2015.

60. The PIP falsely accused Mr. Taylor of poor communication, decision making, professionalism and leadership.

61. The PIP, which was prepared by Ms. Simon, falsely stating that it was from Mr. Potente.

62. That Mr. Potente did not prepare the PIP and did not support the PIP in form or substance.

63. That although signed by Mr. Potente, Mr. Potente spoke directly to Mr. Taylor advising him that he had to sign the document because an employee in the Human Resource Department was out to fire him because of his race.[1]

64. To diffuse the conflict and animosity directed at Mr. Taylor because of his race, Mr. Potente suggested that Mr. Taylor sign the PIP.

---

[1] Despite being a low level Human Resource Associate, Ms. Simon welded much authority. This authority stemmed from the fact that there were several high-profile sexual harassment lawsuits filed against Defendants, shortly thereafter, Defendants' Chief Executive Officer decided to grant Human Resources significate power and final decision making authority to avoid future harassment lawsuits.

65. Mr. Potente advise Mr. Taylor that he would conduct his own investigation regarding the false accusations made against him and if they were unfounded or contradicted that he would populate a formal rebuttal.

66. Mr. Potente's investigation included interviews with Mr. Taylor's employees, fellow Directors and Mr. Potente's fellow Vice Presidents.

67. Mr. Potente went back to Mr. Taylor during the course of the investigation, and after its completion advise him that there were no negative findings and that Ms. Simon's negative comments about Mr. Taylor in the PIP were unsubstantiated.

68. Mr. Potente forwarded an electronic copy of his report to Judy Courtney, Erica Simon, and Matt Grover.

69. That report is still in the possession of Defendants.

70. The PIP is an evaluation prepared by supervisors and is designed to help employee improves in areas where they are deficient.

71. The PIP is not designed to be prepared by an employee from another department who does not possess sufficient information to prepare one pertaining to another employee.

72. The PIP is designed to give an employee sixty (60) days to make improvements in the areas that he/she may be deficient.

73. That Ms. Simon went to Mr. Potente within thirty (30) days of executing the PIP and again demanded that Mr. Taylor be terminated.

74. Mr. Potente advised her that he would follow the correct PIP procedure and did not give into Ms. Simon's demands.

75. At a minimum the PIP prepared by Ms. Simon was a farce, nevertheless, Ms. Simon did not even comply with the appropriate PIP procedure which required her to meet with Mr.

Taylor once a week in order to evaluate the progress that needed to be made by the employee, of course in this case the criticism of Mr. Taylor was unfound and patently false.

76. After Mr. Taylor signed the PIP, Ms. Simon approached him and said "why don't you just resign?"

77. In July of 2015, after the sixty (60) day period, Mr. Taylor, met with Matt Grover, Judy Courtney, Kevin Potente and Erica Simon in a formal meeting to close the PIP.

78. Ms. Courtney, Mr. Grover and Mr. Potente all said that Mr. Taylor is an outstanding employee and an intricate part of Defendants and then assigned him an additional department called Commercial Retention and an additional supervisor and an additional ten employees. Ms. Simon, however, did not make any comments to Mr. Taylor.

79. All the while Mr. Taylor did not receive an increase in pay.

80. In the fall of 2015, Mr. Grover called a meeting with Mr. Taylor in response to another of Ms. Simon's false accusations regarding complaints made by Telemarketing Representative regarding their compensation.

81. After a brief investigation by Mr. Grover the findings, once again, proved Ms. Simon's accusations false.

82. Mr. Grover then apologized to Mr. Taylor for the false report.

**IV. Unequal Pay**

83. Mr. Taylor was hired as a Director in July of 2014. He was interviewed by Vice President Kevin Potente who ultimately made the decision to hire him.

84. Mr. Taylor's starting salary was $133,000.00, plus commissions.

85. Mr. Taylor had a lower salary than his contemporaries because of a "grading system" assigned to his job title after the point it was determined that Mr. Taylor would be hired to head the Telemarketing Sales Department.

86. That was as a pretext to pay him less money than he should have earned.

87. That had Mr. Taylor been White his position would have been "graded" higher and he would have been titled a Vice President and not a Director and his salary would have been higher as well.

88. That in January of 2016 Mr. Grover told Mr. Taylor that he should receive a higher salary because of his stellar performance and the fact that his Division brought in more money than all the other Divisions within the Commercial Sales Department.

89. That because of his job title grade he was making less money than he deserved and that he would speak to Human Resources regarding "regrading" that job title so that Mr. Taylor could receive a higher salary.

90. That upon information and belief, it is not necessary to "regraded" a job title to receive compensation outside of the designated salary range. There simply needs to be a request submitted to Human ResourceS advising them that a salary would be given above the top end of the range.

91. Had Mr. Taylor been White a request would have been submitted for him to receive a higher salary.

**V. Misclassification of Job Title**

92. Mr. Taylor performed the same duties as a Director of the Telemarketing Sales Department as his counterparts in the Residential Sales Division.

93. The head of the Telemarketing Sales Department for Residential Sales was designated a Vice President.

94. The head of the Telemarketing Sales Department for Residential Sales is White.

95. Mr. Taylor was the head of the Telemarketing Sales Department for Commercial Sales but was designated a Director instead of a Vice President.

96. Mr. Taylor was financially harmed by the misclassification.

97. The reason Mr. Taylor was misclassified was because he is black and therefore was given a lower job title and less pay to handle the same responsibilities if not more than his White colleagues.

98. Furthermore, in order to retain commercial subscribers of Defendants, a new department called Commercial Retention Department was created, which was the idea of Mr. Taylor and that new department was designated to Mr. Taylor.

99. The Commercial Retention Department was in charge of retaining commercial subscribers who attempted to leave.

100.    The Commercial Retention Department under the charge of Mr. Taylor saved Defendants from losing eight million dollars a year in revenue.

101.    Mr. Taylor did not receive an increase in pay or a higher job classification, despite having more job responsibilities that his White colleagues who were Vice President and received higher compensation.

## VI. Denial of Professional Growth, Failure to Hire, and Eventual Termination

102.    In September of 2016, Matt Grover approached Mr. Taylor advising him that he would be terminated in October of 2016.

103.     He said that Mr. Taylor is a good employee, that he enjoyed working with him, and that it was unfortunate that he was being let go but "they just don't want you here" and "I think it's a black thing."

104.     Two weeks prior to Mr. Taylor's last day on the job he approached Mr. Grover and said that he is aware that there were two Area Director positions open and therefore asked to be an Area Director of one of those two positions considering the fact that he was originally a Manager in that Division.

105.     Mr. Grover said "you do not want that because they don't want you here".

106.     Those two Area Directors made more than the position held by Mr. Taylor at the time.

107.     Shortly thereafter the Area Director positions were filled by two White employees who were less qualified than Mr. Taylor.

108.     Mr. Taylor asked Mr. Grover who would be taking his place and Mr. Grover said he did not know however it was common knowledge at that point that Lana Simonova would be replacing Mr. Taylor.

109.     Not only would Lana Simonova be replacing Mr. Taylor, but his position of Director, was upgraded to Vice President.

110.     Ms. Simonova was less qualified than Mr. Taylor as she was a Vice President of the Sales Operations and Support Department.

111.     Ms. Simonova's position was eliminated, but because she was a White employee instead of firing her they terminated Mr. Taylor and moved her into his Department, as the Vice President of Commercial Telemarketing.

112.    There was no Vice President position in the Commercial Telemarketing Division and Mr. Taylor was the Director and the highest-level employee in that Division. However, the other Divisions had Vice Presidents and Directors.

113.    The fact that Defendants made Ms. Simonova Vice President of Commercial Telemarketing shows that its failure to promote Mr. Taylor to a Vice President prior to his termination was race based.

114.    After Mr. Taylor was terminated Ms. Simon taunted Mr. Taylor and made comments about how happy she was that he was fired.

115.    Defendants have a practice of hiring minorities to low level positions, but do not hire employees of color to upper management positions.

### AS AND FOR A FIRST CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF TITLE VII)

116.    Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

117.    Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and color in violation of Title VII by denying him the same terms and conditions of employment available to White employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Taylor the opportunity to work in an employment setting free of unlawful discrimination.

118.    Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and color in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Taylor because of his race and color.

119.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

120.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Taylor has suffered, and continues to suffer, severe mental anguish, and emotional distress, including but not limited to depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Mr. Taylor is entitled to an award of compensatory damages.

121.     Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of Title VII for which Mr. Taylor is entitled to an award of punitive damages.

## AS AND FOR A SECOND CAUSE OF ACTION
### (RETALIATION IN VIOLATION OF TITLE VII)

122.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

123.     Defendants have retaliated against Plaintiff in violation of Title VII for complaining about Defendants' discriminatory practices directed toward him, subjecting Mr. Taylor to acts of discrimination, harassment, humiliation and intimidation.

124.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Mr. Taylor has suffered, and continued to suffer, monetary and/or economic harm for which Mr. Taylor is entitled to an award of monetary damages and other relief.

125.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Title VII, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRD CAUSE OF ACTION
### (DISCRIMINATION AND HARASSMENT IN VIOLATION OF 42 U.S.C. § 1981)

126.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

127.     Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and/or color by denying him the same terms and conditions of employment available to White employees, including but not limited to, subjecting him to disparate working conditions and denying Mr. Taylor the opportunity to work in an employment setting free of unlawful discrimination.

128.     Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and/or color in violation of Section 1981 by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Taylor because of his race and/or color.

129.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Section 1981, Mr. Taylor has suffered, and continue to suffer,

monetary and/or economic damages including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

130.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Section 1981, Mr. Taylor has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**(RETALIATION IN VIOLATION OF 42 USC § 1981)**

131.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

132.     Defendants have retaliated against and harassed Mr. Taylor in violation of Section 1981 for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Taylor to acts of discrimination, harassment, humiliation and intimidation.

133.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

134.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of Section 1981, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation,

embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

135.    Defendants' unlawful and discriminatory actions constitute malicious, willful and wonton violations of Section 1981 for which Mr. Taylor is entitled to an award of punitive damages.

## AS AND FOR A FIFTH CAUSE OF ACTION
## (DISCRIMINATION AND HARASSMENT IN VIOLATION OF THE NYSHRL)

136.    Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

137.    Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and color in violation of the NYSHRL by denying him the same terms and conditions of employment available to employees who are not black, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

138.    Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and color, in violations of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Taylor because of his race and color.

139.    As a direct result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic

harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

140.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of compensatory damages.

## AS AND FOR A SIXTH CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF THE NYSHRL)

141.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

142.     Defendants have retaliated against and harassed Mr. Taylor in violation of the NYSHRL for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Taylor to acts of discrimination, harassment, humiliation and intimidation.

143.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

144.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYSHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain

and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR A SEVENTH CAUSE OF ACTION
## (DISCRIMINATION AND HARASSMENT IN VIOLATION OF NYCHRL)

145.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

146.     Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and color in violation of the NYCHRL by denying him the same terms and conditions of employment available to employees who are not Black, including but not limited to, denying him an opportunity to work in an environment setting free of unlawful discrimination and harassment.

147.     Defendants have discriminated against and harassed Mr. Taylor on the basis of his race and color, in violations of the NYCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Mr. Taylor because of his race and color.

148.     As a direct result of Defendants' unlawful discriminatory conduct in violation of the NYCHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

149.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the NYSHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain

and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of compensatory damages.

150.     Defendants' unlawful discriminatory actions and harassment constitute malicious, willful and wanton violations of the NYCHRL for which Mr. Taylor is entitled to an award of punitive damages.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## (RETALIATION IN VIOLATION OF NYCHRL)

151.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

152.     Defendants have retaliated against and harassed Mr. Taylor in violation of the NYCHRL for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Taylor to acts of discrimination, harassment, humiliation and intimidation.

153.     Defendants have retaliated against and harassed Mr. Taylor in violation of the NYCHRL for opposing and/or complaining about Defendants' discriminatory practices directed toward him by, among other things, subjecting Mr. Taylor to acts of discrimination, harassment, humiliation and intimidation.

154.     As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic damages for which he is entitled to an award of monetary damages and other relief.

155.    As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYCHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

156.    Defendants' unlawful and discriminatory actions constitute malicious, willful and wanton, violations of the NYCHRL for which Mr. Taylor is entitled to an award of punitive damages.

## AS AND FOR A NINTH CAUSE OF ACTION
### (NEGLIGENT HIRING, RETENTION AND SUPERVISION)

157.    Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

158.    Defendants have violated their duty as Mr. Taylor's employer by, among other things, denying him an opportunity to work in an employment setting free of unlawful discrimination, harassment and/or retaliation, by failing to take reasonable steps to determine the fitness of Mr. Taylor's co-workers and supervisors, by failing to reasonably supervise Mr. Taylor's co-workers and supervisors and by failing and refusing to investigate and/or take appropriate disciplinary or other actions in response to Mr. Taylor's repeated complaints of discriminatory and harassing conduct by Mr. Taylor's co-workers and/or supervisors on the basis of his race and color, which resulted in, among other things, physical injury to Mr. Taylor. Defendants had actual knowledge of the undue risk of harm to which they were thereby exposing Mr. Taylor based on complaints to his supervisors.

159.     As a direct and proximate result of Defendants' breach of duty to supervise, Mr. Taylor has been injured and has incurred damages thereby.

## AS AND FOR A TENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF TITLE VII)

160.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

161.     Defendants violated Mr. Taylor's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

162.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

163.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF 42 U.S.C. § 1981)

164.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

165.     Defendants violated Mr. Taylor's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

166.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

167.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF NYSHRL)

168.    Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

169.    Defendants violated Mr. Taylor's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

170.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

171.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and

suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO PROMOTE IN VIOLATION OF NYCHRL)

172.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

173.     Defendants violated Mr. Taylor's right to be free from discrimination based on race and color in their discriminatory failure to promote him based on his race and color.

174.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

175.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF TITLE VII)

176.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

177.     Defendants violated Mr. Taylor's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

178.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

179.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of Title VII, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

### AS AND FOR A FIFTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF 42 U.S.C. § 1981)

180.     Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

181.     Defendants violated Mr. Taylor's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

182.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

183.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and

suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF NYSHRL)

184.    Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

185.    Defendants violated Mr. Taylor's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

186.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

187.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYSHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief.

## AS AND FOR A SEVENTEENTH CAUSE OF ACTION
### (DISCRIMINATORY FAILURE TO HIRE IN VIOLATION OF NYCHRL)

188.    Mr. Taylor hereby repeats and realleges each and every allegation as contained in each of the preceding paragraphs as of fully set forth herein.

189.    Defendants violated Mr. Taylor's right to be free from discrimination based race and color in their discriminatory failure to hire him based on his race.

190.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Mr. Taylor has suffered, and continues to suffer, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Mr. Taylor is entitled to an award of damages.

191.     As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Mr. Taylor has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, as well as physical injury, for which Mr. Taylor is entitled to an award of monetary damages and other relief

## PRAYER FOR RELIEF

WHEREFORE, Mr. Taylor prays that the Court enter a judgment in his favor and against Defendants, containing the following relief:

A.     A declaratory judgment that the actions, conduct and practices of the Defendants complained of herein violate the law of the United States of America, the State of New York, and the City of New York;

B.     An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C.     An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Mr. Taylor's employment and personal life;

D.     An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Mr. Taylor for all monetary and/or economic damages, including but

not limited to, the loss of past and future income, wages, compensation, seniority and other benefits of employment;

E.      An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Mr. Taylor for all non-monetary and/or compensatory damages, including but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress and physical injuries;

F.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Mr. Taylor in an amount to be determined at trial, plus prejudgment interest;

G.      An award of punitive damages;

H.      An award of costs that Mr. Taylor has incurred in this action, as well as Mr. Taylor's reasonable attorneys' fees to the fullest extent permitted by law; and

I.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: White Plains, New York
        July 25, 2017

Respectfully submitted,

GAINES, NOVICK,
PONZINI, COSSU & VENDITTI, LLP

Jaazaniah Asahguii, Esq.
11 Martine Avenue, 8th floor
White Plains, New York 10606
*Attorneys for Plaintiff*

Jaazaniah Asahguii, Esq.
Gaines, Novick, Ponzini, Cossu & Venditti, LLP
Attorneys for the Plaintiff
11 Martine Avenue, 8th Floor
White Plains, New York 10606
Tel. (914) 288-9595
Fax (914) 288-0850
Email: jasahguii@gainesllp.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

David J. Taylor,

     Plaintiff,

v.

CSC HOLDINGS, LLC, d/b/a ALTICE USA,
a/k/a OPTIMUM, formerly d/b/a
CABLEVISION SYSTEMS CORP.,

     Defendants.
---------------------------------------------------------------X

Civil Action No.

**VERIFICATION**

   I, David J. Taylor, have read the foregoing facts and allegations. I reserve the right to modify any of these facts or allegations if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available.

   Subject to the above limitations, I declare under penalty of perjury under the laws of the United States of America that the forgoing facts and allegations in the Complaint are true and correct.

Dated: White Plains, New York
   July _18_, 2017

              _____
              David J. Taylor

Sworn to before me this
_18_ day of _July_
_____
Notary Public
**JAAZANIAH ASAHGUII**
**Notary Public, State of New York**
**No. 02AS6305851**
**Qualified in Bronx County**
**Commission Expires June 16, 20_18_**